UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

David Fleury, et al.

    v.                                                Civil No. 03-cv-344-JM

Cassidy Water Conditioning, Inc.


**O R D E R**

Defendant Cassidy Water Conditioning, Inc. ("Cassidy"), filed a motion to dismiss for failure to state a claim arguing that this action is barred by New Hampshire's statute of limitations (document no. 15). The Court elected to treat the matter as a motion for summary judgment as provided in Fed. R. Civ. P. 12(b). See Document No. 20. The Court invited the parties to address the applicability of Fed. R. Civ. P. 15(c) and the doctrine of equitable estoppel in subsequent submissions. Id. The parties have now made additional submissions. For the reasons set forth below, Cassidy's motion is denied subject to renewal following the taking of discovery as provided herein.

Background

On August 11, 2000, David Fleury slipped and fell on a wet surface while working as a traffic manager of shipping and

receiving at Laser Services, Inc. ("Laser Services"), in Westford, Massachusetts, resulting in serious injuries. Am. Compl., ¶¶ 4, 9.  The Plaintiffs allege that Mr. Fleury's accident was proximately caused by the negligence of a Cassidy employee who allegedly spilled water on the floor in the course of Cassidy's delivery and removal of water tanks.  Id., ¶ 7-9.

Plaintiffs initially believed that the entity whom they allege to have been negligent was Culligan Water Conditioning, Inc.  See Affidavit of David Fleury dated May 26, 2005 ("Fleury Aff."), ¶ 2.  Mr. Fleury alleges that Laser Services employees referred to the company that made water deliveries as "Culligan Water."  Id., ¶ 2.  Mr. Fleury also recalled that the delivery truck, and bottles that were brought in and out of Laser Services, were labeled "Culligan Water Conditioning."  Id., ¶ 3.

On or about September 25, 2000, Plaintiffs' former attorney sent a claim letter addressed to "Culligan Water of Lowell" at 39 Chelmsford Street in Lowell, Massachusetts, discussing Mr. Fleury's accident and his allegations of the company's negligence.  See Supplemental Affidavit of Brian Cassidy dated June 9, 2005 ("Supp. Cassidy Aff."), ¶ 3 and attached document. Plaintiffs' former attorney stated in the claim letter, "I

suggest that you forward this correspondence to your Attorney, Claims Representative or Insurance Company so that I may be contacted by a representative of the same." Id., attached document at 1.  Cassidy referred the matter to its insurance carrier.  Id., ¶ 4.

The Commerce Insurance Company sent Plaintiffs' former attorney a letter dated January 22, 2003, in which it denied Mr. Fleury's claim.  See Fleury Aff., ¶6 and attached document.  Throughout the denial letter, the insurance carrier referred to its insured as "Culligan Water Conditioner" [sic] and "Culligan."  See id., attached document.  Plaintiffs filed their original complaint in this action on August 8, 2003 naming as the defendant Culligan Water Conditioning, Inc. ("Culligan"), a Massachusetts corporation with a principal place of business in Lenox, Massachusetts (document no. 1).

On January 23, 2004, the Court granted the Plaintiffs' motion to substitute party, and the Plaintiffs filed an amended complaint naming Cassidy as the defendant.  See Document No. 5. Cassidy is a Massachusetts corporation with a principal place of business in Lowell, Massachusetts.  Cassidy admits that it provides service on water tanks and that it is an authorized

dealer of Culligan International Company, a Delaware Corporation with a principle location in Northbrook, Illinois.  <u>See</u> Supp. Cassidy Aff., ¶ 8.

On October 20, 2004, the attorney who represented the original defendant withdrew from this case.  By order dated October 22, 2004, the Court notified the Plaintiffs that Culligan's attorney did not represent Cassidy, and that no service documents or appearance had been filed on Cassidy's behalf since Cassidy was added as a party.  <u>See</u> Document No. 8.  The Court further notified the Plaintiffs that this case would be dismissed without prejudice on October 28, 2004 if a motion to extend the time to effect service and a motion to continue the trial were not received by that date.  <u>Id.</u>  The Plaintiffs subsequently filed a motion to extend the time for service on October 27, 2004, and then again on February 28, 2005.  <u>See</u> Document Nos. 10 and 12.  Those motions were granted.

Cassidy received a Notice of Lawsuit and Request for Waiver of Service of Summons on March 8, 2005.  <u>See</u> Affidavit of Brian Cassidy dated May 3, 2004 ("Cassidy Aff."), ¶ 3.  Cassidy alleges that March 8, 2005 was the first time that it received notice of the complaint.  <u>Id.</u>  Cassidy filed the instant motion, now being

4

treated as a motion for summary judgment, on May 6, 2005.

## Discussion

The applicable limitations period for this action is three years.  See New Hampshire Revised Statutes Annotated 508:4-I. Since the conduct complained of in this action allegedly occurred on August 11, 2000, the statute of limitations ran on August 11, 2003.  While the original complaint was filed timely on August 8, 2003, the amended complaint substituting Cassidy as the defendant was not filed until five months after the statute of limitations expired.  Accordingly, this action is barred by the statute of limitations unless the amended complaint may be deemed to relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c).  Rule 15(c) provides that:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

>    (A) has received such notice of the institution of the
>    action that the party will not be prejudiced in
>    maintaining a defense on the merits, and (b) knew or
>    should have known that, but for a mistake concerning
>    the identity of the proper party, the action would have
>    been brought against the party.

Fed. R. Civ. P. 15(c).

"When a plaintiff amends a complaint to add a defendant, but the plaintiff does so <u>subsequent</u> to the running of the relevant statute of limitations, then Rule 15(c)(3) controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." <u>Wilson v. United States Gov't</u>, 23 F.3d 559, 562 (1st Cir. 1994) (emphasis in original).[1] In order for relation back to apply under Rule 15(c)(3), the Plaintiffs must meet three requirements. <u>Leonard</u>

---

[1] The Court does not address Plaintiffs' conclusion, supported by no developed argumentation, that the Plaintiffs are entitled to relation back under Rule 15(c)(1). <u>See</u> <u>Higgins v. New Balance Ath. Shoe, Inc.</u>, 194 F.3d 252, 260 (1st Cir. 1999) (finding that "[t]he district court is free to disregard arguments that are not adequately developed."). The Court further notes that, notwithstanding the Court's invitation, the Plaintiffs make no argument that the doctrine of equitable estoppel applies in this action, and it does not appear from the facts recited above that equitable estoppel applies. <u>See</u> <u>Northland Ins. Co. v. New Hampshire Ins. Co.</u>, 63 F. Supp. 2d 128, 132–133 (D.N.H. 1999) (finding that an equitable estoppel claim failed where the insured could not produce sufficient evidence that a misrepresentation was made by an agent of New Hampshire Insurance).

6

v. Parry, 219 F.3d 25, 28 (1st Cir. 2000).  First, Plaintiffs must show that the claims against Cassidy "arose out of the conduct, transaction, or occurrence" set forth in the original complaint.  Id.  Second, Plaintiffs must show that, within the period provided by Rule 4(m) for service of the summons and complaint, Cassidy had such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits.[2]  Id.  Third, Plaintiffs must show that Cassidy "knew or should have known that, but for a mistake concerning the identity of the proper party," the action would have been brought against Cassidy.  Id.

The first requirement, same conduct, clearly applies as the original and amended complaints are based on the exact same allegations and claims.  The Plaintiffs cannot establish on this record, however, that they meet the second and third requirements for relation back.  There is no dispute that the Plaintiffs did not give Cassidy formal notice of this lawsuit until March 8, 2005, nearly nineteen months after the expiration of the

---

[2]As no extension of time to make service on the original defendant was granted, the 120-day default period provided in Fed. R. Civ. P. 4(m) applies.  See Leonard, 219 F.3d at 28; Emery v. Wood Indus., Inc., No. Civ. 98-480-M, 2001 WL 951579 at *5 n.2 (D.N.H. Aug. 20, 2001).

7

limitations period.  Cassidy asserts that it had no notice of the institution of this action until that time.

Plaintiffs argue that since no discovery has been taken in this action of Cassidy's representatives and of the original defendant's representatives it has not had an opportunity to attempt to establish a factual basis that would show that Cassidy had sufficient notice of this action within the 120-day default period for service.  The Plaintiffs specifically invoke the potential application of the "identity of interest" method of imputing notice to an added defendant.  As stated by the First Circuit, the identity of interest principle:

> provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.

Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 102-103 (1st Cir. 1979); see also Young v. Lepone, 305 F.3d 1, 14-15 (1st Cir. 2002); Wilson, 23 F.3d at 563 n.6.  The identity of interest method has been found to apply in circumstances such as "where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers

directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate." Hernandez, 604 F.2d at 103. The First Circuit has also cited approvingly instances where the identity of interest method was applied in cases where a family partnership was substituted for a family-owned corporate plaintiff upon a showing that each partner was a major shareholder in the corporation, and where a corporation was substituted in lieu of two individuals who were the president of the corporation and his business associate. See Young, 305 F.3d at 15.[3]

Cassidy, an authorized dealer of Culligan International Company, asserts that it does not have any relationship with the original defendant Culligan Water Conditioning, Inc. See Supp. Cassidy Aff., ¶ 8. The Plaintiffs argue that they should be

---

[3]Another method that has been used to impute notice under Rule 15(c)(3) is the shared attorney method, which has been endorsed by the Third Circuit. The shared attorney method "is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action.'" Garvin v. City of Philadelphia, 354 F.3d 215, 222-223 (3d Cir. 2003) (quoting Singletary v. Pa. Dep't of Corrs., 266 F.3d 186, 196 (3d Cir. 2001)). The Court has not identified any First Circuit case that has recognized and approved of this method.

permitted some discovery pursuant to Fed. R. Civ. P. 56(f)[4] to test the Defendant's assertion and to determine whether Cassidy received such notice of the institution of this action through the original defendant or its representatives as might satisfy the second requirement of Rule 15(c)(3).  The Court finds that the facts alleged in the Fleury Affidavit pertaining to pre-lawsuit identification of Cassidy as "Culligan" support a finding that discovery would aid the Plaintiffs in maintaining their claims.  See Patrick v. Mass. Port Auth., 141 F. Supp. 2d 180, 188 (D.N.H. 2001) (citing FDIC v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000); Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198, 1203 (1st Cir. 1994)).

The Court has no basis to address the third requirement for relation back under Rule 15(c)(3), that Cassidy had knowledge of

---

[4]Federal Rule of Civil Procedure 56(f) provides that:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

a mistake in identity, until the issue of whether Cassidy had sufficient notice of this action is resolved.  Cassidy's motion shall be denied subject to renewal after a period of discovery is completed.

## Conclusion

The Court grants the Plaintiffs' request for an adequate opportunity to conduct discovery pursuant to Fed. R. Civ. P. 56(f) before deciding whether Cassidy is entitled to summary judgment.  Accordingly, Cassidy's motion (document no. 15) is denied subject to renewal at a later date.

Given the history of delays in this case, the Plaintiffs shall be required to pursue discovery diligently to determine whether facts exist that support a finding that Cassidy had sufficient notice of this action to support relation back under Fed. R. Civ. P. 15(c)(3).  Cassidy shall be permitted to renew its motion as a motion for summary judgment 60 days from the date of this order.

**SO ORDERED.**

                                                                    _____
                                                                    James R. Muirhead
                                                                    United States Magistrate Judge

Date: September 21, 2005

```
cc:   Steven L. Maynard, Esq.
      Paul B. Kleinman, Esq.
```