**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

David Fleury, et al.

   v.     Civil No. 03-cv-344-JM

Cassidy Water Conditioning, Inc.


**O R D E R**

    Defendant Cassidy Water Conditioning, Inc. ("Cassidy") moves for summary judgment arguing that this action is barred because Plaintiffs David and Patricia Fleury did not bring this action against it within the three-year statute of limitations provided in New Hampshire Revised Statutes Annotated ("RSA") 508:4.  The Plaintiffs did not file an objection.  For the reasons set forth herein, Cassidy's motion for summary judgment is granted.

Standard of Review

    Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue is one "that properly can be resolved

only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A material fact is one "that might affect the outcome of the suit."  Id. at 248.

In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmovant.  See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).  The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the burden shifts to the nonmovant to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted."  Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249).  Neither conclusory allegations, improbable inferences, nor unsupported speculation are sufficient to defeat summary judgment.  Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002).  The Court sets

forth the material facts supported by the record below.

## Background

I. <u>David Fleury's Accident</u>

On August 11, 2000, David Fleury slipped and fell on a wet surface while working as a traffic manager of shipping and receiving at Laser Services, Inc. ("Laser Services"), in Westford, Massachusetts, resulting in serious injuries. Am. Compl., ¶¶ 4, 9. The Plaintiffs allege that David Fleury's accident was caused by the negligence of a Cassidy employee who allegedly spilled water on the floor in the course of Cassidy's delivery and removal of water tanks. <u>Id.</u>, ¶ 7-9.

Plaintiffs initially believed that the entity whom they allege to have been negligent was Culligan Water Conditioning, Inc. <u>See</u> Affidavit of David Fleury dated May 26, 2005 ("Fleury Aff."), ¶ 2. Mr. Fleury alleges that Laser Services employees referred to the company that made water deliveries as "Culligan Water." <u>Id.</u>, ¶ 2. Mr. Fleury also recalled that the delivery truck, and bottles that were brought in and out of Laser Services, were labeled "Culligan Water Conditioning." <u>Id.</u>, ¶ 3.

II. <u>Claim Letter Sent to Culligan Water of Lowell</u>

On or about September 25, 2000, Plaintiffs' former attorney

sent a claim letter addressed to "Culligan Water of Lowell" at 39 Chelmsford Street in Lowell, Massachusetts, discussing David Fleury's accident, and his allegations of the company's negligence.  See Supplemental Affidavit of Brian Cassidy dated June 9, 2005 ("Supp. Cassidy Aff."), ¶ 3 and attached document.  Plaintiffs' former attorney stated in the claim letter, "I suggest that you forward this correspondence to your Attorney, Claims Representative or Insurance Company so that I may be contacted by a representative of the same."  Id., attached document at 1.  Cassidy referred the matter to its insurance carrier.  Id., ¶ 4.

The Commerce Insurance Company sent Plaintiffs' former attorney a letter dated January 22, 2003, in which it denied David Fleury's claim.  See Fleury Aff., ¶ 6 and attached document.  Throughout the denial letter, the insurance carrier referred to its insured as "Culligan Water Conditioner" [sic] and "Culligan."  See id., attached document.

III. Complaint Filed Against Culligan of Lenox

Despite having sent their claim letter to "Culligan Water of Lowell," Plaintiffs filed their original complaint in this action on August 8, 2003 naming as the defendant Culligan Water

Conditioning, Inc. ("Culligan of Lenox"), an entity whom the Plaintiffs identified as a Massachusetts corporation with a principal place of business in Lenox, Massachusetts.  <u>See</u> Compl., ¶ 2 (document no. 1).  Five months after this case was commenced, Plaintiffs filed a motion to substitute party, which was granted.  Plaintiffs filed an amended complaint on January 23, 2004 naming Cassidy as the proper defendant.  <u>See</u> Document No. 5.  Cassidy is a Massachusetts corporation with a principal place of business at 39 Chelmsford Street in Lowell, Massachusetts.  <u>See</u> Cassidy's Ans. to Am. Compl., ¶ 2.

On October 20, 2004, the attorney who represented Culligan of Lenox withdrew from this case.  By order dated October 22, 2004, the Court notified the Plaintiffs that the original defendant's attorney did not represent Cassidy, and that no service documents or appearance had been filed on Cassidy's behalf since Cassidy was added as a party.  <u>See</u> Document No. 8.  The Court further notified the Plaintiffs that this case would be dismissed without prejudice on October 28, 2004 if a motion to extend the time to effect service and a motion to continue the trial were not received by that date.  <u>Id.</u>  The Plaintiffs subsequently filed a motion to extend the time for service on

October 27, 2004, and then again on February 28, 2005.  <u>See</u> Document Nos. 10 and 12.  Those motions were granted.

IV.  <u>Cassidy Moves to Dismiss</u>

Cassidy received a Notice of Lawsuit and Request for Waiver of Service of Summons on March 8, 2005.  <u>See</u> Affidavit of Brian Cassidy dated May 3, 2005 ("Cassidy Aff."), ¶ 3.  Cassidy complied with the request to waive service of summons, but moved to dismiss the amended complaint on May 6, 2005.

Cassidy admits that it is an authorized dealer of Culligan International Company, a Delaware Corporation with a principle place of business in Northbrook, Illinois.  <u>See</u> Supp. Cassidy Aff., ¶ 8.  Cassidy further admits that it periodically supplied and removed water tanks for the water conditioning unit at Laser Services.  Cassidy's Ans. to Am. Compl., ¶ 5.  Cassidy alleges, however, that it does not have any relationship with Culligan of Lenox, the original defendant in this case, and that it received no notice that this action was pending until March 8, 2005.  <u>See</u> Supp. Cassidy Aff., ¶ 8.  Cassidy argued that the Plaintiffs failed to bring this action against Cassidy within the applicable statute of limitations.

In an order dated September 21, 2005 order, the Court denied

6

Cassidy's motion to dismiss, which the Court elected to treat as a motion for summary judgment, so that Plaintiffs would be permitted an opportunity to conduct discovery to determine whether Cassidy received such notice of the institution of this action through Culligan of Lenox or its representatives as might satisfy the requirements for relation back of amendments under Fed. R. Civ. P. 15(c)(3).  The Court stated that the Plaintiffs should diligently pursue discovery in light of the previous delays in the case, and that Cassidy would be permitted to move for summary judgment 60 days from September 21, 2005.

V.   Cassidy Moves for Summary Judgment

Cassidy requested leave to file a renewed motion for summary judgment on December 28, 2005, which the Court granted in an endorsed order.  Cassidy filed its motion on January 10, 2006.  Plaintiffs did not file an objection to either Cassidy's request for leave to file, or to Cassidy's motion for summary judgment.

Discussion

The applicable limitations period for this action, filed in federal court on the basis of diversity jurisdiction, is three years.  See RSA 508:4.  Since the conduct complained of in this action allegedly occurred on August 11, 2000, the statute of

limitations ran on August 11, 2003.  While the original complaint was filed timely on August 8, 2003, the amended complaint substituting Cassidy as the defendant was not filed until five months after the statute of limitations expired.  Accordingly, this action is barred by the statute of limitations unless the amended complaint may be deemed to relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c).  Rule 15(c) provides that:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

"When a plaintiff amends a complaint to add a defendant, but

the plaintiff does so <u>subsequent</u> to the running of the relevant statute of limitations, then Rule 15(c)(3) controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." <u>Wilson v. United States Gov't</u>, 23 F.3d 559, 562 (1st Cir. 1994) (emphasis in original).  In order for relation back to apply under Rule 15(c)(3), the Plaintiffs must meet three requirements.  <u>Leonard v. Parry</u>, 219 F.3d 25, 28 (1st Cir. 2000).  First, Plaintiffs must show that the claims against Cassidy "arose out of the conduct, transaction, or occurrence" set forth in the original complaint.  <u>Id.</u>  Second, Plaintiffs must show that, within the period provided by Rule 4(m) for service of the summons and complaint, Cassidy had such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits.  <u>Id.</u>  Third, Plaintiffs must show that Cassidy "knew or should have known that, but for a mistake concerning the identity of the proper party," the action would have been brought against Cassidy.  <u>Id.</u>

   The first requirement, same conduct, is satisfied as the original and amended complaints are based on the exact same allegations and claims.  But there is no evidence in the record

that shows that Plaintiffs can meet either the second or third requirements for relation back under Fed. R. Civ. P. 15(c)(3). There is no dispute that the Plaintiffs did not give Cassidy formal notice of this lawsuit until March 8, 2005, nearly nineteen months after the expiration of the limitations period. Cassidy asserts that it had no notice of the institution of this action until that time.  See Cassidy Aff., ¶ 3.

In response to Cassidy's motion to dismiss, the Court accepted the Plaintiffs' argument that since no discovery had been taken in this action of Cassidy's representatives, or of the original defendant's representatives, that the Plaintiffs had not had an opportunity to attempt to establish a factual basis that would show that Cassidy had sufficient notice of this action within the 120-day default period for service.  In support of its motion for summary judgment, however, Cassidy asserts that as of November 29, 2005, the Plaintiffs had not served any discovery requests, or noticed any depositions, in order to show that the requirements for relation back are met in this case.  See Affidavit of Paul Kleinman, Esq., dated November 29, 2005, ¶ 2. Plaintiffs did not file any objection to Cassidy's motion in order to contest this assertion.

The Court finds that the Plaintiffs have had more than a fair opportunity to conduct to discovery to determine whether they can satisfy the requirements Fed. R. Civ. P. 15(c)(3). Since the Plaintiffs have not come forward with any evidence that supports a finding that the amended complaint relates back to the filing of the original complaint under Fed. R. Civ. P. 15(c)(3), the Court finds that Cassidy has demonstrated that there is no genuine issue of material fact on its affirmative defense of failure to bring this action within the applicable statute of limitations.  Therefore, the Court further finds that Cassidy is entitled to judgment as a matter of law on the Plaintiffs' claims because this action is barred by RSA 508:4.

<u>Conclusion</u>

For the reasons set forth above, Defendant's motion for summary judgment (document no. 29) is granted.

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: March 9, 2006

cc:  Steven L. Maynard, Esq.
     Paul B. Kleinman, Esq.